O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2683 AHM (VBKx) | | Date | December 15, 2010 |
|---|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

    This case is before the court on defendant General Motors, LLC's ("New GM") motion to dismiss plaintiff Rodolfo Fidel Mendoza's ("Plaintiff") First Amended Complaint ("FAC") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to transfer this case under 28 U.S.C. section 1412 to the Southern District of New York for referral to the bankruptcy court. For the reasons set forth below, the Court GRANTS New GM's motion to transfer.[1]

## I.     INTRODUCTION

    In July 2009, New GM acquired certain assets of General Motors Corporation ("Old GM") through an Amended and Restated Master Sale and Purchase Agreement ("Agreement") as part of Old GM's bankruptcy proceedings, attached as Exhibit 1 to Plaintiff's Request for Judicial Notice ("RJN").[2]  FAC ¶ 2.  The United States Bankruptcy Court for the Southern District of New York approved the Agreement in an order issued on July 5, 2009 ("Order"), attached as Exhibit 2 to Plaintiff's RJN.  Per the terms of the Agreement and Order, New GM did not assume Old GM's liabilities, other than as specified in the "Assumed Liabilities" section of the Agreement.  Agreement § 2.3.

---

    [1]Docket No. 15.

    [2]The Court takes judicial notice of the Amended and Restated Master Sale and Purchase Agreement and the Bankruptcy Court's Sale Approval Order.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2683 AHM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | |

On April 13, 2010, Plaintiff filed a putative class action in this Court naming New GM as a defendant. On July 15, 2010, Plaintiff filed the FAC, alleging one cause of action under the California Consumer Legal Remedies Act and two causes of action under the California Unfair Business Practices Act. Plaintiff's claims are based on New GM's alleged failure to disclose a water leak defect in Chevrolet Equinox and Pontiac Torrent sport utility vehicles manufactured by or for Old GM from 2005 through 2009. FAC ¶¶ 1, 3, 42. New GM asserts Plaintiffs claims are barred because the Agreement, as enforced by the Order, specifically excluded its assumption of the statutory liabilities asserted by Plaintiff. Memorandum of Points and Authorities in Support of Motion ("MPA in Support"). Not surprisingly, Plaintiff interprets its claims differently and contends that New GM did indeed assume the liabilities at issue. Plaintiff's Opposition ("Opp.") p. 4.

The bankruptcy court's Order approving the Agreement states:

> This Court retains exclusive jurisdiction to enforce and implement the terms and provisions of this Order, [and] the [Agreement] . . . in all respects, including, but not limited to, retaining jurisdiction to . . . (c) resolve any disputes arising under or related to the [Agreement] . . . (d) interpret, implement, and enforce the provisions of this Order, (e) protect the Purchaser against any of the Retained Liabilities or the assertion of any lien, claim, encumbrance, or other interest, of any kind or nature whatsoever, against the Purchased Assets . . . .

Order ¶ 71.

Based on this language in the Order, New GM argues that "[w]hether this action may proceed against New GM based on the claims plaintiff has attempted to plead in the First Amended Complaint therefore is a question which only the New York Bankruptcy Court has jurisdiction to decide." MPA in Support p. 13. According to New GM, this Court must either dismiss the case entirely for lack of subject matter jurisdiction or transfer it to the Southern District of New York for referral to the Bankruptcy Court. Plaintiff disputes this, arguing "[t]hat [New] GM may interpret provisions of its agreement to assume liabilities differently that [sic] Plaintiff does not invoke the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2683 AHM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | |

bankruptcy court's jurisdiction." Opp. p. 4.

Determining if Plaintiff's claims against New GM are barred requires interpreting and applying the Agreement. The question before this Court is whether that determination is properly within the scope of the bankruptcy court's subject matter jurisdiction.

## II.   ANALYSIS

### A.   Scope of Bankruptcy Jurisdiction

"Federal district courts have exclusive jurisdiction over all cases under Title 11 of the United States Code, and concurrent jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1434 (9th Cir. 1995). The district court may refer to the bankruptcy court "all proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 157(a); *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005) (bankruptcy court has jurisdiction over these proceedings).

Cases "arising under Title 11" are "those proceedings that involve a cause of action created or determined by a statutory provision of title 11 . . . ." *In re Harris*, 44 F.3d at 1435 (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96-97 (5th Cir. 1987)). In contrast, "'[a]rising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id*. Finally, a proceeding is "related to" a bankruptcy case if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property." *In re Pegasus*, 394 F.3d at 1193 (quoting *Fietz v. Great Western Savings (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (adopting the "*Pacor* test")).

Proceedings that "arise under" Title 11 or "arise in" cases under Title 11 are "core" bankruptcy matters, and a bankruptcy judge may hear such proceedings and enter final orders and judgments, which may be appealed to the district court. 28 U.S.C. § 157(b)(1). "Related to" proceedings are "non-core" matters, and a bankruptcy judge

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2683 AHM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | |

"may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore [sic] matters are subject to de novo review by the district court . . . ." *In re Harris*, 44 F.3d at 1436 (quoting *Taxel v. Electronic Sports Research (In re Cinematronics)*, 916 F.2d 1444, 1449 (9th Cir. 1990)); 28 U.S.C. § 157(c)(1).

Plaintiff misunderstands this distinction between "core" and "non-core" matters. He claims that if his case is a proceeding merely "related to" a bankruptcy case, *i.e.*, a "non-core" matter, then the bankruptcy court lacks jurisdiction because Plaintiff demands a jury trial and does not consent to the bankruptcy court entering a final judgment. Opp. p. 21 n.18. To the contrary, even if Plaintiff's case is a "non-core" matter, the bankruptcy court has jurisdiction over pretrial proceedings and may enter interlocutory orders regardless of whether the parties consent. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 787-88 (9th Cir. 2007) ("A valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court. Instead, we hold, the bankruptcy court may retain jurisdiction over the action for pre-trial matters.").

Here, the Court need only determine whether Plaintiff's case is at least "related to" a case under Title 11:

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy.

*In re Wood*, 825 F.2d at 93 (finding matter was not "core" proceeding, but was "related to" pending bankruptcy case).

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2683 AHM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | |

### B.   Plaintiff's Case Is "Related To" the Old GM Bankruptcy Case [3]

The core of the parties' disagreement is whether New GM assumed liability for Plaintiff's claims under the terms of the Agreement to purchase assets and assume certain liabilities of Old GM. By its very nature, Plaintiff's case could at least "conceivably" have an effect on the estate being administered in bankruptcy. If Plaintiff prevails on the issue of whether New GM assumed liability for his claims (and those of the putative class), then the Agreement will have been interpreted so as to expand New GM's liability. In the alternative, if New GM prevails, then Old GM would remain liable for Plaintiff's claims. Thus, Plaintiff's case is at least "related to" the Old GM bankruptcy case and the bankruptcy court has subject matter jurisdiction. This finding is consistent with the bankruptcy court's express retention of jurisdiction to enforce and implement the terms and provisions of the Order and the Agreement, to interpret, implement, and enforce the Order, and to protect New GM against retained liabilities or claims against the purchased assets. Order ¶ 71.

There are also sound policy reasons – including judicial economy, consistency, and fairness to litigants – for finding that Plaintiff's case falls within the bankruptcy court's subject matter jurisdiction. Plaintiff's proposed class is limited to citizens of California, but the GM cars at issue were sold throughout the United States. Identical lawsuits can, and likely will, be filed in other states. Each of these lawsuits, and other lawsuits raising similar claims, will require a determination as to whether New GM assumed the liabilities at issue when it purchased Old GM's assets. Unless such actions are transferred to the bankruptcy court, different district courts will be required to interpret the same Agreement, and decide the same dispositive question, perhaps with different results. That would be an inefficient and, more importantly, unjust outcome.

The bulk of Plaintiff's opposition is devoted to arguing this case is not a "core" proceeding because it neither arises under Title 11 nor arises in a case under Title 11. This "core" proceeding argument is irrelevant because Plaintiff's case is at least "related to" the Old GM bankruptcy. Therefore, the bankruptcy court has subject matter

---

[3]Plaintiff hardly addresses the issue of whether his case is "related to" a case under Title 11, stating only that "it is not . . . ." Opp. p. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2683 AHM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | |

jurisdiction.[4]  *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 266 (3rd Cir. 1991) ("Whether a particular proceeding is core represents a question wholly separate from that of subject-matter jurisdiction.").

Having established that the bankruptcy court has subject matter jurisdiction, the bankruptcy court itself can enter an interlocutory order regarding whether the proceeding is core or non-core.  28 U.S.C. § 157(b)(3).

### C. Plaintiff's Case Should Be Transferred to the Southern District of New York For Referral to the Bankruptcy Court

New GM moves the Court to dismiss Plaintiff's case entirely (presumably to allow Plaintiff to refile in bankruptcy court) or, in the alternative, to transfer the case under 28 U.S.C. section 1412 to the Southern District of New York for referral to the bankruptcy court.  Dismissing the case entirely will entail unnecessary work and consumption of time by the parties that would be avoided by transferring the case.

Under 28 U.S.C. section 1412, a district court "may transfer a case or proceeding under Title 11 to a district court for another district in the interest of justice or for the convenience of the parties."  In the preceding section this Court held that Plaintiff's action is a "related to" proceeding but did not reach the issue of whether it "arises under" Title 11 or "arises in" a case under Title 11.  Courts are split on the issue of whether a "related to" proceeding may be transferred under 28 U.S.C. § 1412 or whether it must be transferred under 28 U.S.C. § 1404.  Section 1404 provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil

---

[4]Although the Court need not reach the issue, "core" proceedings include "orders approving the sale of property" (28 U.S.C. § 157(b)(2)(N)) such as the Order entered by the bankruptcy court in the Old GM case, and a number of courts have held that cases requiring the interpretation or application of a bankruptcy court's orders are also "core" proceedings.  *E.g.*, *Beneficial Trust Deeds v. Franklin (In re Franklin)*, 802 F.2d 324, 326 (9th Cir. 1986) (The bankruptcy court had jurisdiction to determine the validity of a foreclosure sale because, "[s]imply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner.")

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2683 AHM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | |

action to any other district or division where it might have been brought." It appears that the Ninth Circuit Court of Appeals has not ruled on the issue, and district courts in the Ninth Circuit have transferred "related to" proceedings under both statutes. *Compare Doss v. Chrysler*, 2009 WL 4730932, *5 (D.Ariz. December 7, 2009) ("[T]he present case is 'related to' a Title 11 proceeding, but the Court has not held it arises under Title 11. . . . [T]he Court has found no authority indicating how the Ninth Circuit would interpret 28 U.S.C. § 1412, [and] the Court will not transfer the case under that statute. The Court will, however, transfer this matter *sua sponte* under 28 U.S.C. § 1404."), *with Senorx, Inc. v. Coudert Bros., LLP*, 2007 WL 2470125, * 1 (N.D. Cal. August 27, 2007) (Citing to a Northern District of Alabama bankruptcy case for the proposition that "28 U.S.C. § 1412 is used to analyze the request for a change of venue in a proceeding related to a bankruptcy case.").

The Court will analyze the transfer under section 1412 because that statute refers specifically to bankruptcy cases, and applying section 1412 appears to be the sounder approach.[5] *See Creekridge Capital, LLC v. Louisiana Hosp. Center, LLC*, 410 B.R. 623, 628-29 (D.Minn. 2009) (engaging in extensive analysis and review of authorities from various circuits and concluding that section 1412 applies to transfers of "related to" proceedings). "The party moving for a transfer has the burden to show by a preponderance of the evidence that transfer is warranted." *Id.* at 629. The factors to be considered in analyzing whether a transfer would be in the interest of justice include:

> (1) the economical and efficient administration of the bankruptcy estate, (2) the presumption in favor of the forum where the bankruptcy case is pending, (3) judicial efficiency; (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders by those familiar with its laws, (6) the enforceability of any judgment rendered, and (7) the plaintiff's original choice of forum.

*Id.* (citing *A.B. Real Estate, Inc. v. Bruno's Inc. (In re Bruno's, Inc.)*, 227 B.R. 311, 324 nn.45-51 (Bkrtcy.N.D.Ala. 1998) (collecting cases in support of each factor)).

---

[5]Given the substantial overlap of analysis under the two statutes, the question is largely academic, and the Court would reach the same conclusion under section 1404.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2683 AHM (VBKx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | RODOLFO FIDEL MENDOZA v. GENERAL MOTORS, LLC | | |

The underlying bankruptcy case is venued in the Southern District of New York, so factors one, two, and three weigh in favor of transfer to that district. There is no question that Plaintiff will receive a fair trial in New York and will be able to enforce any judgment he might obtain, so factors four and six favor transfer. Remaining are the state's interest in having local controversies decided within its borders by those familiar with its laws and the plaintiff's original choice of forum. Plaintiff seeks to apply California law and chose California as his forum, but a bankruptcy court in New York is perfectly capable of interpreting and applying California law, and Plaintiff's choice of forum is heavily outweighed by the other factors. To hold otherwise would be to invite similar litigation throughout the country, with possibly inconsistent outcomes depending on how a particular court interprets the terms of the Agreement and Order as they relate to New GM's assumed liabilities.

## III.  CONCLUSION

Based on the foregoing, the Court GRANTS New GM's motion to transfer this action to the Southern District of New York for referral to the bankruptcy court.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

**JS-6**

:

Initials of Preparer         SMO